IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>COUNTY OF PLUMAS,<br><br>　　　　　Respondent. | 2:06-cv-02539-GEB-EFB<br><br>ORDER |

　　　　　The Ninth Circuit remanded this case after it decided the federal court lacks federal question jurisdiction. Respondent argued no federal question jurisdiction existed for the first time on appeal, even though Respondent argued otherwise when it contended federal question jurisdiction justified its removal of this action from state court.

　　　　　The Ninth Circuit stated in the remand order since "the district court lacked subject matter jurisdiction over [Petitioner's] petition," the district court's "order compelling arbitration must therefore be vacated and the action returned to state court." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1044 (9th Cir. 2009). The Ninth Circuit also stated: "Because [Respondent] initiated this foray into

1  federal court, the [Petitioner] requests that [it] should [be]
2  award[ed] its fees" and that this is an issue for "the district
3  judge [to decide since he] is in the best position to decide which
4  party wasted the court's time, and whether fees or other sanctions
5  should be imposed." Id. at 1045.
6          Following remand, the district court issued an order on
7  April 16, 2009, which reflects that the district judge failed to
8  carefully read the portion of the remand order addressing fees or
9  other sanctions.  Consequently, only Petitioner was provided an
10 opportunity to "file whatever it deems [to be an] appropriate"
11 response to this portion of the remand order.  Neither party
12 alerted the district court to this mistake.
13         Petitioner argues in response to the April 16 Order that
14 it is entitled to sanctions under 28 U.S.C. § 1927, "because the
15 [Respondent] unreasonably and vexatiously multiplied these
16 proceedings . . ." by removing the case to federal court and "by
17 turning a state court petition to compel public sector labor
18 arbitration into a federal case." (Pet'rs Mot. at 2:11-13).
19         "The imposition of sanctions under § 1927 requires a
20 finding of bad faith.  We assess an attorney's bad faith under a
21 subjective standard.  Knowing or reckless conduct meets this
22 standard." Pacific Harbor Capital, Inc. v. Carnival Air Lines,
23 Inc., 210 F.3d 1112, 1118 (9th Cir. 2000)(citations and quotations
24 omitted).  Petitioner has not shown that Respondent's attorney
25 acted with bad faith when he removed the action, nor at any other
26 time.  Respondent's attorney provides a declaration in which he
27 declares he "did not know at the time the County removed this
28 action that the [federal court] might lack federal question

2

jurisdiction. (Decl. of Robert D. Swanson ("Swanson Decl.") in Opp'n to Pet'rs Mot., ¶ 16.)  Further Petitioner failed to controvert Respondent's argument in its opposition brief that Petitioner "filed in the Court of Appeal a Brief for Petitioner-Appellee in which it argued that this Court did have subject matter jurisdiction ([] thus the County's removal was proper)."  (Opp'n at 6; Swanson Decl. Ex. H at 8-12.)   Petitioner also failed to dispute the content of the letter Respondent's attorney sent Petitioner's counsel prior to any appellate briefing in which Respondent's attorney indicated he did not become aware that federal question jurisdiction did not exist until he was preparing Respondent's opening brief for the Ninth Circuit appeal.  (Opp'n at 5; Swanson Decl. Ex. G.)

Since Petitioner has not shown it is entitled to fees or a sanction under 28 USC § 1927, and no other authority has been asserted showing that either party is entitled to fees or a sanction, neither party shall recover fees or a sanction. Therefore, the order compelling arbitration is vacated and this case is remanded to the California Superior Court in and for the County of Plumas.

Dated:  July 2, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

3